UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BERNARD E. GYDEN, II,

    Plaintiff,

-vs-                        Case No.   8:22-cv-2980-CEH-AAS

RICKEY DIXON, *et al.*,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff's amended civil rights complaint filed under 28 U.S.C. § 2254 (Doc. 13). Plaintiff, a Florida prisoner, alleges that Defendants violated his First Amendment right to free exercise of religion. Specifically, he alleges that on August 5, 2022, Sabatier Smith, the chaplain at Hardee Correctional Institution, denied him and other Hebrew-Israelites their right to wear diadems. As relief, Plaintiff seeks unspecified declaratory and injunctive relief and costs. After reviewing the complaint as required by 28 U.S.C. § 1915A, the Court concludes that the amended complaint must be dismissed with leave to amend.

    I. Defendant Bowden

Plaintiff appears to attribute liability to Defendant Bowden solely because she denied his grievance appeal to the Secretary of the Department of Corrections about Chaplain Smith's refusal to allow him to wear his diadem (Doc. 13 at docket p. 14).

1

This allegation is insufficient to state a claim for relief under § 1983. "Merely denying a grievance without personally participating in the unconstitutional conduct brought to light by the grievance is insufficient to establish § 1983 liability." *Washington v. Jones*, 2019 WL 920228, at *3 (N.D. Fla. Feb. 13, 2019), *report and recommendation adopted*, 2019 WL 919589 (N.D. Fla. Feb. 25, 2019) (citing cases). Accordingly, the claim against Defendant Bowden will be dismissed.

II. Defendant Dixon

The amended complaint alleges no facts showing Defendant Dixon, the Secretary of the Florida Department of Corrections, personally participated in denying Plaintiff his right to wear a diadem. Thus, to state a claim against Defendant Dixon, Plaintiff must show that Defendant Dixon's policy or custom violates the First Amendment. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978)). Defendant Dixon cannot be held liable under § 1983 for Defendant Smith's actions merely because Defendant Dixon is the Secretary of the Department of Corrections, and Defendant Smith his subordinate. *Rosa v. Fla. Dep't of Corr.*, 522 F. App'x 710, 714 (11th Cir. 2013) (A government official "'may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior' in a § 1983 action." (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009))).

It is unclear from the allegations of the complaint whether a policy caused the constitutional violation. Thus, Plaintiff has failed to state a claim for relief against

2

Defendant Dixon. Therefore, the claims against Defendant Dixon will be dismissed.[1]

Accordingly:

1. The amended complaint (Doc. 13) is DISMISSED WITHOUT PREJUDICE as to the claims against Defendant Bowden and Defendant Dixon.

    a. If Plaintiff wishes to amend his allegations to remedy the noted deficiencies, he shall file a second amended complaint within THIRTY DAYS of this order.

    b. To amend, Plaintiff must complete a new civil rights complaint form, titling it "Second Amended Complaint." The second amended complaint must include all of Plaintiff's claims and may not refer to, or incorporate, the original or amended complaints. The second amended complaint shall supersede all prior complaints. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

    c. The second amended complaint shall be subject to initial screening under 28 U.S.C. § 1915A.

2. If Plaintiff fails to file a second amended complaint within thirty days or fails to seek an extension of time to do so, this order dismissing the amended complaint without prejudice will become a final judgment concerning the claims against Defendants Dixon and Bowden, and this action will proceed on the amended complaint solely against Defendant Smith. "[A]n order dismissing a complaint with

---

[1] The allegations of the amended complaint adequately allege a First Amendment violation against Defendant Smith.

leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.,* 953 F.3d 707, 720–21 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

    3. Plaintiff must advise the Court of any change of address. He must entitle the paper "Notice to the Court of Change of Address" and must exclude any motions from the notice. Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

    4. The Clerk is directed to mail to Plaintiff a copy of both the standard prisoner civil rights complaint form and this Order.

    **DONE** and **ORDERED** in Tampa, Florida on May 9, 2024.

Charlene Edwards Honeywell
United States District Judge

Copy to: Plaintiff, *pro se*