UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BERNARD E. GYDEN, II,

    Plaintiff,

-vs-                                                  Case No.   8:22-cv-2980-CEH-AAS

RICKEY DIXON, *et al.*,

    Defendants.
_____/

## **ORDER**

    Before the Court is Plaintiff's second amended civil rights complaint filed under 28 U.S.C. § 2254 (Doc. 21). Plaintiff, a Florida prisoner, alleges that Defendants (Rickey Dixon, Secretary of the Florida Department of Corrections; T. Bowden, Dixon's representative; and Paul Sabatier-Smith, the chaplain at Hardee Correctional Institution) violated his First Amendment right to free exercise of religion. Specifically, he alleges that in August 2022, Sabatier-Smith denied him and other Hebrew-Israelites their right to wear diadems during a prayer meeting and study class. Plaintiff also alleges that in denying him his right to wear a diadem, Sabatier-Smith was enforcing an official policy or rule of the Florida Department of Corrections. Dixon and Bowden denied Plaintiff's grievance about the matter. Plaintiff sues Defendants solely in their official capacities. As relief, Plaintiff seeks a declaration that Defendants violated his rights under the First Amendment, and an injunction providing him and other Hebrew-Israelites the same right to wear head coverings as Jewish, Muslim, and

Catholic prisoners have in the Florida Department of Corrections.

A claim against a defendant in his official capacity is a suit against the entity of which the named defendant is an agent— here, the Florida Department of Corrections. *Owens v. Fulton Cnty.*, 877 F.2d 947, 951 n.5 (11th Cir. 1989) (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)). Thus, the official-capacity claims against Sabatier-Smith and T. Bowden are duplicative of the official capacity claim against Secretary Dixon and must be dismissed. *See, e.g.*, *Heywood v. Dixon*, 2024 WL 3676386 (N.D. Fla. Aug. 2, 2024) (dismissing official-capacity claims against two defendants as duplicative of official-capacity claims against another defendant when all three defendants were agents of the Florida Department of Corrections) (citing *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991)).

Accordingly:

1. The official-capacity claims against Sabatier-Smith and T. Bowden are dismissed as duplicative. This action will proceed solely as to Plaintiff's claim against Secretary Dixon in his official capacity.

2. Service of the second amended complaint will be ordered by separate order.

**ORDERED** in Tampa, Florida, on November 25, 2024.

Charlene Edwards Honeywell
United States District Judge

Copy to: Plaintiff, *pro se*