UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BERNARD E. GYDEN, II,

    Plaintiff,

-vs.-                                                    Case No.   8:22-cv-2980-CEH-AAS

RICKEY DIXON, *et al.*,

    Defendants.

_____/

## ORDER

This matter comes before the Court on Defendant's Motion to Dismiss [Second Amended] Complaint (Doc. 38). In the motion, Defendant Dixon requests dismissal of Plaintiff's § 1983 claims because he fails to state a claim upon which relief can be granted. The Court, having considered the motion, Plaintiff's response (Doc. 40), and being fully advised in the premises, will deny the motion.

## I. BACKGROUND[1]

Plaintiff is a Florida prisoner confined by the Florida Department of Corrections at the Hardee Work Camp (HWC) (Doc. 21 at docket p. 2). In 2022, while Plaintiff was attending a "prayer meeting and study class" with other Hebrew-Israelite

---

[1] Unless otherwise stated, the following statement of facts derives from the Second Amended Complaint (Doc. 21), the allegations of which the Court must accept as true in ruling on the instant motion. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

1

prisoners at HWC, Chaplain Sabatier-Smith told them that they could not wear their diadems (headwear) because they are allowed to wear them only during "formal supervised worship." (*Id*. at docket pp. 4, 6). Their meeting was interrupted because they had to return their diadems to their dormitory (*Id*. at docket p. 6).

Plaintiff filed grievances about the matter and stated that prisoners practicing other religions, such as Jews and Muslims, are allowed to wear their headwear during their study and prayer time (*Id*. at docket p. 8; Doc. 21-1 at docket p. 1). In response to his grievances, Plaintiff was informed that "[t]he court order in *Lawson v. Dugger*[, 844 F.Supp 1538 (S.D. Fla. 1994)] establishes the parameters of the practice of the Hebrew Israelite faith in the Department" and "Hebrew Israelites may wear their headdresses or diadem during formal worship services arranged through the prison chaplain and conducted by Temple elders or other authorized leaders." (*Id*. at docket pp. 2-3).

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions, and formulaic recitations of the elements of a cause of action are not sufficient. *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible

on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The Court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*.

In reviewing a *pro se* complaint, the Court holds the pleading to a less stringent standard and construes the complaint more liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). Although courts afford liberal construction of *pro se* litigants' pleadings, litigants appearing *pro se* must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("And although we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules.") (citation and internal quotation marks omitted).

## III. DISCUSSION

In his Second Amended Complaint, Plaintiff contends that Defendant Dixon's policy of allowing Hebrew-Israelite prisoners to wear their diadems only during formal

3

worship services violates his First Amendment right to the free exercise of his religion, his rights under the federal Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq. (RLUIPA), and his right to equal protection of the law under the Fourteenth Amendment (Doc. 21 at docket pp. 3, 5-6). He seeks a declaration that Defendant Dixon violated his constitutional rights, and an injunction directing Defendant Dixon to allow Hebrew-Israelite prisoners to wear their religious headwear in the same manner and under the same circumstances applicable to prisoners of other religions.

### A. First Amendment and RLUIPA claims

The First Amendment, made applicable to the states through the Fourteenth Amendment, provides in pertinent part that Congress shall make no law prohibiting the free exercise of religion. U.S. Const. amend. I. "In the First Amendment context . . . a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). "A valid free exercise of religion claim must allege that the government has impermissibly burdened the plaintiff's sincerely held beliefs." *Mays v. Joseph*, 2022 WL 18981, at *2 (11th Cir. Jan. 3, 2022) (citing *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1294 (11th Cir. 2007)). The standard used to analyze a claim raised under the Free Exercise Clause was enunciated in *Turner v. Safley*, 482 U.S. 78 (1987), *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987), and their progeny. The relevant inquiry is whether the prison regulation burdening a

4

fundamental right is reasonably related to legitimate penological objectives of the corrections system, or whether it represents an exaggerated response to those concerns. *Turner*, 482 U.S. at 87, 89.

> Under section 3 of the RLUIPA:
>
> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc–1(a). Section 3 of RLUIPA "affords to prison inmates a heightened protection from government-imposed burdens by requiring that the government demonstrate that the substantial burden on the prisoner's religious exercise is justified by a compelling, rather than merely a legitimate, governmental interest." *Smith v. Allen*, 502 F.3d 1255, 1266 (11th Cir. 2007) (internal quotation marks and citation omitted), *abrogated on other grounds by Sossamon v. Texas*, 563 U.S. 277 (2011). The statute defines "government" to include states, counties, municipalities, departments, agencies, their instrumentalities, and officers, and persons acting under color of state law. 42 U.S.C. § 2000cc–5(4)(A).

To establish a prima facie case under § 3 of RLUIPA, a plaintiff must demonstrate: (1) that he engaged in a religious exercise; and (2) that the religious exercise was substantially burdened. *Smith*, 502 F.3d at 1276.; 42 U.S.C. § 2000cc–1(a). The Eleventh Circuit defined a "substantial burden" as "significant pressure

5

which coerces the religious adherent to conform his or her behavior accordingly." *Smith*, 502 F.3d at 1277 (quotation marks and citation omitted). To constitute a substantial burden under RLUIPA, the governmental action must significantly hamper one's religious practice. *Smith*, 502 F.3d at 1277. "RLUIPA protects 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief,' but, of course, a prisoner's request for an accommodation must be sincerely based on a religious belief and not some other motivation." *Holt v. Hobbs*, 574 U.S. 352, 360–61 (2015) (internal citations omitted).

If a plaintiff meets his burden of showing that the challenged government action substantially burdens the exercise of his religious beliefs, the government must then establish that the imposition of the burden or refusal to accommodate a plaintiff's belief furthers a compelling government interest by the least restrictive means. 42 U.S.C. § 2000cc–1(a); 42 U.S.C. § 2000cc–2(b). "[I]f the plaintiff fails to present evidence to support a prima facie case under RLUIPA, the court need not inquire into whether the governmental interest at stake was compelling." *Smith*, 502 F.3d at 1276.

The RLUIPA provides greater religious protection than the First Amendment. *See Cutter v. Wilkinson*, 544 U.S. 709, 716-17 (2005) ("To secure redress for inmates who encountered undue barriers to their religious observances, Congress carried over from [the] RFRA the 'compelling governmental interest'/'least restrictive means' standard."). Because the RLUIPA provides greater religious protection than the First Amendment, "[i]f a claim fails under the RLUIPA…it necessarily fails under the First

...

Amendment." *Dorman v. Aronofsky*, 36 F. 4th 1306, 1313 (11th Cir. 2022).

Construing Plaintiff's *pro se* Second Amended Complaint liberally and accepting his allegations as true, Plaintiff has arguably stated a claim under both these standards against Defendant Dixon sufficient to survive the motion to dismiss. Plaintiff has sufficiently alleged both that he wishes to engage in a religious practice (wearing his diadem during prayer sessions and other occasions) and that Defendant's policy of allowing Hebrew-Israelites to wear their diadems solely during the formal worship service will substantially burden his religious practice by preventing him from wearing his diadem on other occasions. Whether Defendant Dixon can establish a legitimate interest to which his policy is tailored enough to withstand scrutiny under either the First Amendment or RLUIPA is an issue that requires further factual development.

### B.  Equal Protection

"The Fourteenth Amendment's Equal Protection Clause guarantees the right of every person to be treated equally under the law and to be free from intentional and arbitrary discrimination in the law." *Blissett v. City of Debary*, 2017 WL 1365606, at *3 (M.D. Fla. Apr. 14, 2017) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)). To establish an equal protection claim, "a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national original, or some other constitutionally protected basis." *Sweet v. Sec'y, Dept. of Corr.*, 467 F.3d 1311, 1318–19 (11th Cir. 2006) (citing *Jones v. Ray*, 279

...

F.3d 944, 946–47 (11th Cir. 2001) and *Damiano v. Fla. Parole and Prob. Comm'n*, 785 F.2d 929, 932–33 (11th Cir. 1986)).

Liberally construing the Second Amended Complaint, Plaintiff has alleged that other religious groups, such as Jews and Muslims, are allowed privileges associated with the practice of their religions that are denied to him as a Hebrew-Israelite. Plaintiff has stated a cognizable ground for relief under the Equal Protection Clause of the Fourteenth Amendment. Thus, his equal protection claim can proceed for further factual development.

Accordingly:

1. Defendant's Motion to Dismiss [Second Amended] Complaint (Doc. 38) is **DENIED**.

2. Defendant must answer the Second Amended Complaint within 14 days.

**DONE** and **ORDERED** in Tampa, Florida on August 27, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Plaintiff, *pro se*